UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
17-CR-141S
14-CR-214S(17)

LAFERALD HINES,

                Defendant.

1. Presently before this Court is the Government's motion for joinder, seeking consolidation of the indictments in these two cases. Rule 13 of the Federal Rules of Criminal Procedure permits a court to order "that separate cases be tried together as though brought in a single indictment . . . if all offenses and all defendants could have been joined in a single indictment." Multiple offenses are appropriately charged jointly when they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In the Second Circuit, a "commonsense rule" is applied "to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to . . . the defendant [ ] resulting from the joinder." United States v. Shellef, 507 F.3d 82, 98 (2d Cir. 2007); United States v. Turoff, 853 F.2d 1037, 1044 (2d Cir. 1988).

2. Here, Defendant Laferald Hines is charged in Indictment 14-CR-214S (the "2014 Indictment"), which charges forty counts against eighteen defendants, centered around a conspiracy to possess and distribute controlled substances. Two of those counts are brought against Hines: conspiracy to distribute cocaine base within 1000 feet

1

of the Lackawanna Municipal Public Housing Authority (a protected location) in violation of 21 U.S.C. § 846 (Count 1), and possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 39). Hines is also charged in indictment 17-CR-141S (the "2017 Indictment"), for which he is the sole defendant charged with two counts: possession of cocaine with intent to distribute and distribution in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1), and possession with intent to distribute and distribution of cocaine within 1,000 feet of a playground owned by a public housing property (a protected location) in violation of 21 U.S.C. § 860(a) (Count 2). The 2017 Indictment includes an additional allegation that Hines committed the crimes while on pre-trial release and will be subject to the term of imprisonment prescribed in 18 U.S.C. § 3147.

3. The Government contends that joinder of the 2017 Indictment with the 2014 Indictment is proper because of the similar character of the charged crimes. It argues that joinder would increase efficiency, as the two potential trials would have significant overlap in witnesses, both confidential sources and law enforcement agents. Further, the Government argues that the jury in a trial of the 2017 Indictment will necessarily hear testimony regarding the 2014 Indictment because of the 18 U.S.C. § 3147 allegation.

4. Hines argues that the motion should be denied because the crimes charged in the two indictments are not similar in nature. It is true that there is no conspiracy charged in the 2017 Indictment, which involved sales that were set up through a confidential source. However, the Government contends that both trials would involve testimony regarding hand-to-hand sales by Hines, and that the nature of the crimes is similar because both involve substantive charges of distribution of cocaine or cocaine

base. Taking a "commonsense" approach, see <u>Shellef</u>, 507 F.3d at 98, this Court concurs with the Government that the alleged crimes are similar in character. Where, as here, the substantive counts are similar in nature, there is no error in consolidating them with a conspiracy, even if some later substantive crimes took place outside the conspiracy. See <u>United States v. Barsoum</u>, 763 F.3d 1321 (11th Cir. 2014).

5. Hines further argues that, if this Court finds that the crimes are sufficiently similar under Rule 8, it should nevertheless deny the motion because he will be prejudiced by the joinder. However, Defendant has not met the "difficult burden of showing that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials." See <u>United States v. Espinal-Mejia</u>, 852 F. Supp. 3, 5 (N.D.N.Y. 1994) (citing <u>United States v. Panza</u>, 750 F.2d 1141, 1149 (2d Cir. 1984); <u>United States v. Losada</u>, 674 F.2d 167, 171 (2d Cir. 1982). Hines has not presented a specific trial right that would be compromised by a joint trial, nor has he shown "substantial prejudice," which requires more than simply a better chance of acquittal. See <u>United States v. Potamitis</u>, 739 F.2d 784, 790 (2d Cir. 1984). His general assertions of prejudice do not rise to a level necessary to diminish the efficiency that a joint trial would allow in light of the factual overlap among charges.[1] See <u>Shellef</u>, 507 F.3d at 98.

6. Because Hines has not shown any indicia that a specific trial right would be denied by a joint trial, or that the jury would not be able to make a proper judgment about his guilt or innocence if the trials are consolidated, separation of the indictments is not warranted. Accordingly, the Government's motion is granted, and the 2014 Indictment

---

[1] To the extent that the consolidation might prejudice Hines' co-defendants, that can be addressed through a limiting instruction.

and 2017 Indictment will be tried jointly.

IT HEREBY IS ORDERED, that the Government's Motion for Joinder (17-CR-141 Docket No. 14) is GRANTED;

SO ORDERED.

Dated: February 12, 2018
Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                        United States District Judge